USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-1049 PRIYA K. DAS, Plaintiff, Appellant, v. CIBA CORNING DIAGNOSTICS CORPORATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Priya K. Das on brief pro se. ____________ Edward N. Perry and Perkins, Smith & Cohen on brief for appellee. _______________ ______________________ ____________________ June 8, 1993 ____________________ Per Curiam. In 1988 Ciba Corning Diagnostics ___________ Corporation ("Ciba") placed an advertisement seeking a "manufacturing engineer-mechanical." Priya K. Das applied, but was not hired, or, for that matter, granted an interview. He sued Ciba alleging, under various legal theories,1 that he was denied employment because of his age and national origin. After some discovery, a hearing was held on the parties' cross motions for summary judgment. The district court granted summary judgment in Ciba's favor and also allowed its motion for sanctions, fining Das $250. Das appeals both rulings. Finding no error, we affirm. BACKGROUND BACKGROUND __________ The facts are essentially undisputed and we recount them in a light favorable to the plaintiff. The advertisement that gave rise to this litigation described Ciba as a company engaged in medical diagnostics and biomedical research. The ad stated: "We are looking for an individual to provide mechanical engineering support to the medical instrument assembly and test areas. . . . The ideal candidate will have a B.S. in Mechanical Engineering ____________________ 1. Das' suit alleged violations of Title VII, 42 U.S.C. 2000e et seq.; the Age Discrimination in Employment Act ________ ("ADEA"), 29 U.S.C. 621 et seq.; and the Civil Rights Act _______ of 1866, 42 U.S.C. 1981. "[T]he standards of liability under all [of these statutes] are substantially identical," Villanueva v. Wellesley College, 930 F.2d 124, 126 n.2 (1st __________ _________________ Cir.), cert. denied, 112 S. Ct. 181 (1991), and the district _____ ______ court, accordingly, analyzed Das' claims collectively. -2- and 3-5 years of experience in a manufacturing environment." Of 57 applicants, Das and 53 others were not interviewed. Born and educated in India, Das was 46 years of age at the time. Ciba hired a younger candidate who possessed, like Das, a B.S. in mechanical engineering, but had only three years of work experience. Dissatisfied with the hiring decision, Das wrote to Ciba for an explanation. The company responded that Das' 25 years of experience were not a "good fit" with the criteria set for the entry level position advertised. This suit ensued. In an affidavit supporting its motion for summary judgment Ciba averred that Das' application was eliminated because (1) the company was not interested in candidates who changed jobs every two years: "Das' excessive `job hopping' made him a very unattractive candidate," and (2) none of Das' experience related to the medical or biomedical field. It was attested that the hired candidate's hands-on experience in plastics was the deciding factor in making a job offer due to the increased use of plastic parts in the industry. As such, the hiree possessed more relevant experience for the advertised position under the hiring criteria then in place. In opposition, Das pointed to his superior education and experience which, he declared in an accompanying affidavit, fully qualified him for the job. The denial of employment because of his 25 years of experience -3- shows, he asserted, that Ciba's selection process was grounded in age bias. And, Das claimed, the fact that Ciba later changed its story and offered a different rationale, i.e., that he was a job-hopper, signified a cover-up of the true reason for the hiring decision. According to Das, his job changes were either for career advancement or the result of layoffs, plant closings, and the like, all common occurrences in manufacturing industries. Accordingly, the job-hopper label was untrue, and merely a pretext for the real reason: age discrimination. Following a hearing, the district court ruled from the bench that Das, in attacking the person hired as an unqualified candidate, had failed to offer sufficiently probative evidence from which a fact-finder could reasonably infer that defendant's hiring reasons were a pretext for age or national origin discrimination. Accordingly, Ciba's motion for summary judgment was allowed, and Das' cross- motion for summary judgment was denied. DISCUSSION DISCUSSION I _ This suit is virtually identical to three others brought by Das after he was not hired for an advertised engineer position solely because of the contents of his resume. See Das v. Cri-Tech, Inc., No. 90-1769, slip op. ___ ___ ______________ (1st Cir. Jun. 12, 1991) (Das I); Das v. Bowmar/Ali, Inc., _____ ___ _________________ -4- No. 90-2096, slip op. (1st Cir. Jun. 21, 1991) (Das II), and _______ Das v. A.W. Chesterton Co., No. 91-1159, slip op. (1st Cir. ___ ____________________ Sept. 24, 1991) (Das III). Each prior appeal - - also from ________ an adverse summary judgment - - was affirmed on the basis that Das had failed to present any probative evidence permitting an inference that the hiring decision masked a discriminatory motive or was otherwise incredible. In this appeal, we focus, as does appellant, on the age discrimination claim. In Das I and Das II, we described the standards ______ ______ applicable to summary judgment in the disparate treatment employment discrimination context, and do not restate them. See also Goldman v. First Nat'l Bank of Boston, 985 F.2d ___ ____ _______ ____________________________ 1113, 1116-18 & n.4 (1st Cir. 1993). The Supreme Court has recently clarified the standards for liability under the ADEA. Hazen Paper Co. v. Biggins, 113 S. Ct. 1701 (1993). _______________ _______ The Court explained that "there is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age," id. at 1705; "a ___ disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." Id. at 1706. ___ We assume, as did the district court, that Das satisfied the prima facie rubric for hiring discrimination -5- claims. Keyes v. Secretary of the Navy, 853 F.2d 1016, 1023 _____ _____________________ (1st Cir. 1988). Ciba clearly and sufficiently articulated permissible non-discriminatory reasons for its hiring decision, requiring Das to show that explanation "unworthy of credence," that is, "not the true reason for the employment decision." Texas Dep't of Community Affairs v. Burdine, 450 _________________________________ _______ U.S. 248, 256 (1981). We conclude, relying on the analysis set out in Das ___ II, that plaintiff failed to undercut the plausibility of __ Ciba's proffered rationale with specific facts (and not merely subjective conclusions) that would enable a jury to find that age was an undisclosed, motivating factor in the hiring decision. In so deciding, we note, first, that Das has not attempted to counter Ciba's explanation that his resume indicated no experience in the medical/biomedical fields. Second, regarding Das' claim that Ciba "changed its story" and later offered a different reason for not hiring him, Das has failed to show that those later reasons were premised upon discriminatory motive. As we have stated before: "Since an employer's nondiscriminatory motivations for adverse employment decisions are irrelevant in an age discrimination case, a `mere showing that the employer's articulated reason may shield another (possibly nondiscriminatory) reason does not create a dispute of material fact' sufficient to withstand summary judgment." -6- Goldman, 985 F.2d at 1118 n.4 (quoting Villanueva v. _______ __________ Wellesley College, 930 F.2d 124, 128 (1st Cir.), cert. __________________ _____ denied, 112 S. Ct. 181 (1991)). ______ Finally, Das stresses the role that his many years in the field may have played in hurting his chances to get the job. He argues that hiring criteria which impermissibly favor a minimum number of years of work experience make age a determining factor in the selection process and, because age and experience are directly related, effectively eliminate all applicants over 40 years of age. The Biggins decision is _______ instructive on this point. In deciding that a dismissal based solely on pension status was not discriminatory treatment on the basis of age for ADEA purposes, the Court emphasized that "[b]ecause age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily `age-based'." Biggins, 113 S. Ct. at 1707. Consequently, _______ the ADEA is not violated when the factor motivating the employment decision merely correlates with age, i.e., gives rise to a permissive and not a necessary inference. By like token, having failed to show that age actually played a role in the decision not to hire him, Das may not, under Biggins, _______ ask us to presume that the employer's decision to hire a candidate with significantly less work experience is -7- automatically age-based. As Biggins makes plain, even if, as _______ Das speculates, older workers are likely to have more years of work experience, Ciba's decision to hire an engineer with three years of desired experience does not, without more evidence than is offered here, implicate the prohibitions of the ADEA.2 II __ We turn to the issue of sanctions. In Das II, we ______ upheld a $1420 award of attorneys' fees and costs against Das under Fed. R. Civ. P. 11. Here, Ciba contended that Das had violated Rule 11 by irresponsibly maintaining this action after three similar (and similarly meritless) complaints against other corporate defendants had been dismissed. Ciba sought attorneys' fees and costs in excess of $12,000. The district court found that Das' claims, filed in October 1989, were brought in good faith and were objectively reasonable until the filing of his cross motion for summary judgment one year later. By that time, Das I and Das II had been ______ _______ dismissed in the district court, and Das had reason to know that his cross motion was neither well founded in fact nor warranted in existing law. Taking into account Das' pro se ___ __ status, the court concluded that a $250 sanction was ____________________ 2. Nor do we read Das' complaint to state a claim that Ciba's facially neutral hiring practices impact older job applicants more harshly. The Court has not recognized a "disparate impact" theory of liability under the ADEA. Biggins, 113 S. Ct. at 1706. _______ -8- appropriate. We find no abuse of discretion in this carefully considered determination. Anderson v. Beatrice ________ ________ Foods Co., 900 F.2d 388, 394 (1st Cir.) ("The trial judge is _________ best positioned to decide what sanction best fits a particular case or best responds to a particular episode or pattern of errant conduct."), cert. denied, 498 U.S. 891 _____ ______ (1990). The defendant-appellee requests costs and reasonable attorneys' fees for defending this appeal. When Das, who has proceeded pro se throughout, noticed this appeal ___ __ in January 1992, he knew that the same arguments advanced now had been rejected in Das I, Das II, and Das III and should _____ _______ _______ have realized that no valid grounds for appeal existed here. Considering this litigation history, the frivolous nature of this appeal, and taking into account Das' pro se status, we ___ __ assess double costs and damages in the amount of $500. Fed. R. App. P. 38; see La Amiga del Pueblo, Inc. v. Robles, 937 ___ __________________________ ______ F.2d 689, 692 (1st Cir. 1991); N.E. Alpine Ski Shops v. U.S. _____________________ ____ Divers Co., 898 F.2d 287, 291 n.1 (1st Cir. 1990). __________ The judgment of the district court is affirmed; ___________________________________________________ double costs and $500 awarded to the appellee. _____________________________________________ -9-